ERNEST FERRARA *vs.* COLLINS & AIKMAN CORPORATION.

JANUARY 18, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a petition, filed originally in this court, for relief under the provisions of general laws 1938, chapter 535.

It appears in substance from the petition, which is sworn to but is not supported by any affidavits, that the petitioner heretofore filed with the director of labor a petition to recover compensation under the workmen's compensation act for a certain injury which it was alleged arose by accident out of and in the course of his employment with the respondent. The director of labor denied the

petitioner any compensation and an appeal from such decision was taken by the petitioner to the superior court. Before the appeal was heard in that court his then attorney withdrew from the proceeding with the permission of the presiding justice of such court. When the compensation petition came up for hearing thereafter it was continued two weeks to permit the petitioner to obtain another attorney. The petitioner alleges in his present petition that he was unable to obtain one, and that when the matter was heard in that court he was compelled to appear *pro se ipso*. Following such hearing a decree was entered May 6, 1938 denying and dismissing the petition for compensation.

The petitioner further alleges that he is poor and illiterate, and denies receiving any copy of the written decision of the superior court denying his said petition or of having any knowledge of the entry of said decree. On October 14, 1938, being then represented by his present attorney, the petitioner filed a motion in the superior court asking it to vacate the decree above referred to. This motion was later heard and denied.

In an affidavit made by the respondent's attorney and filed herein in its behalf it is set out, among other things, that he made no representations to any person at any time against the petitioner or his interests; that, to the best of said attorney's knowledge, no other person represented the respondent in dealing with the petitioner or with anyone representing him in the compensation proceedings; and that, as far as the affiant knows, neither the petitioner nor his attorney have been prejudiced, interferred with or denied any right or privilege to which they were entitled.

It is also alleged in the affidavit that the petitioner did not ask for a further continuance when his compensation petition came before the superior court for hearing,

after it had previously been continued by that court for two weeks; that at the conclusion of such hearing the justice of the superior court then and there informed the petitioner that he would file a written decision within a few days, and told the petitioner that if he desired to take an appeal therefrom, he would have to do so within ten days; that on April 30, 1938, the affiant received a copy of this written decision; that a decree was entered thereon May 6, 1938; that at this time the trial justice requested the affiant to notify the petitioner of the fact that a decree had been entered dismissing his petition, and of his rights with respect to an appeal; that the affiant did so by letter, a copy of which is attached to the affidavit, informing the petitioner that he had through May 16, 1938 in which to take an appeal; and that nothing further was done about the matter until October 14, 1938 when the affiant was served with a copy of the motion, hereinbefore mentioned, to vacate such decree.

The prayer of the present petition, which was filed April 21, 1939, reads as follows: "Wherefore, he petitions this Honorable Court, within one year after entry of said decree, that it allow a new trial of the cause, or a further hearing upon such terms and conditions, as the Court may prescribe, or grant your petitioner such relief as to this Court may seem meet and proper."

It is not clear from the petition under which section of chap. 535, *supra,* the petitioner is seeking relief. In that chapter the only sections which are at all applicable to the facts appearing herein are §§ 5 and 6. They are as follows:

> "§ 5. A party or garnishee in any action or proceeding in the superior court in which a trial has been had which was not full, fair, and impartial, may at any time within one year after verdict or decision petition the supreme court for a new trial; and the

supreme court may, with or without terms, order a new trial in the superior court.

§ 6.  When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

In this case, in order to obtain the relief he is now seeking, the petitioner clearly has the burden of showing that he comes within the provisions of one of the above sections.  Upon consideration, we are of the opinion that he has failed to sustain that burden. This court has previously indicated that § 5, under which a petitioner may, by order of this court, obtain a new trial in the superior court, certain specified conditions appearing, applies only to actions at law.  *The Primitive Methodist Church* v. *Homer,* 38 R. I. 530.  It has also been held that, in a petition for compensation, practice in equity is the correct procedure.  *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97.  In our judgment, therefore, such a petition cannot properly be considered an action at law within the construction heretofore given the section in question. It follows that the petitioner is not entitled to be granted a new trial of his compensation petition under the provisions of such section, as they do not apply to him.

The relief provided for under § 6, *supra,* as appropriate to the matter now before us, would apparently be the granting of the present petition to the extent of allowing

the petitioner to prosecute an appeal from the final decree entered May 6, 1938 in the proceeding for compensation. Under that section, however, the granting of such relief is predicated, among other things, upon a showing by the petitioner that an appeal was not duly claimed because of accident, mistake, unforeseen cause, or lack of evidence newly discovered. No claim is now made that any lack of newly discovered evidence is the basis of the petitioner's failure to have claimed his appeal seasonably from such decree. Further, upon consideration, we are of the opinion that the record before us does not show that the petitioner's failure to claim an appeal was due to accident, mistake, or unforeseen cause within the ordinary and well-settled meaning given to those terms.

It is clear, from such record, that reasonable steps were taken by the trial justice to see that the petitioner's rights were preserved and protected. In our opinion, the present petition, standing alone without supporting affidavits, falls short of establishing accident, mistake or unforeseen cause, particularly in view of the statements contained in the affidavit filed on behalf of the respondent. We find nothing in the showing before us which, in our judgment, requires a revision of the original petition for compensation. The petitioner, therefore, has not established that he should be granted relief under § 6, *supra.*

In support of his position, he also relies on the case of *Colli* v. *Crown Piece Dye Works,* 55 R. I. 494. Examination shows that the facts in that case differ so greatly from those appearing in the instant proceeding that such case is of no help to the petitioner. In the *Colli* case it clearly appeared that an insurance company had, in effect, trespassed upon the right of an injured employee to a full and independent presentation of his claim. Here the situation as disclosed by the petition fails to prove the presence of any such circumstances, and, furthermore,

their existence is specifically denied by the affidavit submitted by the respondent.

We find, therefore, that, on the record under consideration herein, the petitioner is not entitled to be granted any relief under the provisions of either § 5 or § 6, *supra*.

The petition is denied and dismissed.

*Emilio D. Iannuccillo,* for petitioner.

*Lee A. Worrell,* for respondent.